IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kenneth Marshall,                    :

            Plaintiff,        : Case No.  2:14-cv-338

        v.                           :

Ohio Department of Rehabilitation: JUDGE GREGORY L. FROST
& Corrections, et al.,              Magistrate Judge Kemp

            Defendants.      :


                          ORDER

    As the Court's order of October 17, 2014, recites, Kenneth
Marshall, a state prisoner, filed this case on April 11, 2014, by
submitting a complaint and motion for leave to proceed *in forma
pauperis*.  The United States Marshal was directed to serve the
complaint, but the Plaintiff, Mr. Marshall, did not submit either
completed summonses or a Marshal's Service Form (Form USM-285)
for the defendants, documents needed in order for the Marshal to
make service.  The Clerk advised him of this deficiency and also
sent him additional Form USM-285s to complete.

    On July 24, 2014, Mr. Marshall submitted a summons and USM-
285 for four persons: Gary Mohr, Individually and as Director of
the Ohio Department of Rehabilitation and Correction; Dr. Eddy,
the ODRC medical director; Deborah Stewart; and the Collegial
Review Committee.  It is not clear if Ms. Stewart is a named
defendant and the Collegial Review Committee is not a party to
this case.  None of the forms were accompanied by service copies
of the complaint or copies of the two supplemental complaints
which Mr. Marshal filed.

    In the October order, the Court advised Mr. Marshall that
all plaintiffs, including individuals who have been allowed to
proceed *in forma pauperis*, must make copies of the pleadings for

service on the defendants and supply them to the Court.  It also
drew his attention to Fed.R.Civ.P. 4(m) and gave him 21 days to
submit the materials necessary in order for service of process to
take place.  This order deals with a number of motions filed
since that date, and one which preceded it.

## I.  Motion to Strike (Doc. 16)

Four days before that order issued, Mr. Marshall filed a
motion to strike, which refers to notices of appeal sent to other
courts and also to documents which, he asserts, were filed by the
defendants but not served on him.  The Court's docket does not
reflect any such filings, so the motion to strike will be
dismissed as moot.

## II.  Motions for Relief from Judgment (Docs. 18 and 20)

On October 23, 2014, Mr. Marshall filed a motion for relief
from judgment, directed to the October 14, 2014 order.  In it, he
reargues his position that this case cannot be dismissed simply
because he is unable to afford service copies.  The Court has
previously rejected his arguments, but he makes one additional
claim: that he cannot make copies of the supplemental pleadings
because he submitted the originals to the Court and did not keep
copies.  The Court will grant this motion to the extent that the
Clerk will be directed to send Mr. Marshall a copy of those
documents (Doc. 8).

Doc. 20, filed on November 14, 2014, is a duplicate of Doc.
18 and will be disposed of in the same fashion.

## III.  Motion for Injunctive Relief and Motion to Supplement (Docs 21 & 22)

In the first motion, filed on December 22, 2014, Mr.
Marshall makes claims about being deprived of his medication.
Since the defendants have not been served, and it is not clear
whether they or, as the motion states, "others" are allegedly
responsible for that action, the Court cannot grant him an

injunction, but he also asked for the Court to send him documents
needed for service, which the Court assumes are his supplemental
pleadings.  This motion will be granted to the same extent as
Doc. 18.  The motion to supplement will be granted and made part
of the record.

### IV.  <u>Order</u>

Although Mr. Marshall has not complied with the Court's
prior orders concerning service, it appears that he may now be
able to do so.  The Court will therefore give him additional time
to make service.  His motions for relief from judgment (Doc. 18
and 20), motion for injunctive relief (Doc. 21), and motion to
supplement (Doc. 22) are granted to this extent.  The Clerk shall
promptly mail to Mr. Marshall a copy of the supplemental
pleadings filed as Doc. 8.  The Clerk shall also advise Mr.
Marshall, with specificity, what documents, in addition to ones
he has previously submitted, are needed in order for the Marshal
to make proper service on each named defendant.  The mailing of
this information to Mr. Marshall shall be noted on the docket.
Within 28 days of this order, Mr. Marshall shall submit the
documents needed to make up a completed service packet for each
defendant.  As soon as the Court receives such a packet for each
defendant, it will forward the documents to the United States
Marshal for service.  If this order is not complied with, the
case will be dismissed without prejudice.

The motion to strike (Doc. 16) is denied as moot.

### V.  <u>Motion for Reconsideration</u>

Any party may, within fourteen days after this Order is
filed, file and serve on the opposing party a motion for
reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A),
Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01,
pt. IV(C)(3)(a).  The motion must specifically designate the
order or part in question and the basis for any objection.

Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.


/s/ Terence P. Kemp
United States Magistrate Judge