```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


Kenneth Marshall,                  :

            Plaintiff,             : Case No.  2:14-cv-338

    v.                             :

Ohio Department of Rehabilitation: JUDGE GREGORY L. FROST
& Corrections, et al.,             Magistrate Judge Kemp

            Defendants.            :
```

ORDER

This case was initiated on April 11, 2014, when the Court received a complaint and motion for leave to proceed *in forma pauperis* from Kenneth Marshall, a state prisoner.  After Mr. Marshall submitted additional financial information, the Court granted him leave to proceed.  (Doc. 6).  In the same Order, the Court noted that Mr. Marshall had moved twice for leave to amend his complaint.  Because defendants had not been served, the Court determined that they would not be prejudiced by the amendment.  Thus, the Court granted Mr. Marshall's motions (Docs. 3 and 4) and directed the Clerk to file the attachment to each motion as the first supplemental and second supplemental complaint.  Consequently, there is an original complaint (Doc. 7), a first supplemental complaint (Doc. 8), and a second supplemental complaint (Doc. 8, Ex. 1) in this case.  The second supplemental complaint is the operative complaint in this case, superseding the original complaint and first supplemental complaint.  In plain terms, the second supplemental complaint contains all of Mr. Marshall's claims against the defendants, and the prior complaints have no legal impact on this case.  In the second supplemental complaint, Mr. Marshall generally claims that he and

other prisoners housed at the Pickaway Correctional Institution are suffering harm as the result of dangerous overcrowding and inadequate medical care.

Since filing his second supplemental complaint, Mr. Marshall has filed many documents for this Court's consideration. These documents include:

- a motion for a more definite statement (Doc. 29);
- a motion to supplement (Doc. 37);
- a second motion to supplement (Doc. 40);
- a motion for injunctive relief (Doc. 42);
- a motion to clarify (Doc. 43);
- a second motion to clarify (Doc. 59)
- a motion for injunctive relief (Doc. 62);
- a motion for appropriate remedies with respect to prison conditions (Doc. 66); and
- a motion for judicial notice (Doc. 68).

In each of these documents, Mr. Marshall appears to be attempting to amend his complaint in some way. See, e.g., Doc. 29 at 2 ("the plaintiff would move the court to allow him to supplement defendants to add:Nurse: Mindy Emilie?; Doctor:Stephens, Nurse:Edward?; and to drop the Institutional inspector:Mrs. Lawrence; Chief Inspector: Mrs. Mona Parks"); Doc. 37 at 1 (asserting violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA")); Doc. 40 at 1 ("mov[ing] this Honorable Court to Supplement this proceeding due to the fact that none of the defendant(s) have filed any responsive pleadings yet to address any of the merit's herein of this proceeding" [sic]); Doc. 42 at 3 (alleging an ongoing practice "for almost (2) [years]" pursuant to which the institution's library personnel are censoring legal materials and delaying mail related to lawsuits filed by inmates seeking redress for civil rights violations); Doc. 43 at 1 ("If ('HIPPA') offers no-

2

protection to the plaintiff(s), even in a large group or the defendant(s) acting in bad-faith, then the Plaintiff(s) would move this Honorable Court to allow them to phrase these Constitutional Violations, as such..."); Doc. 59 at 1-2 (moving for default as to Missy Rousch, Elice Payneter, Dr. Hale, Mindy Emile, and Dr. Stephenson, none of whom are named in the complaints); Doc. 62 at 2 (alleging that "defendant's are acting in concert with other defendants to retaliate against the plaintiff for redressing Civil Rights on His and other inmates" [sic]); Doc. 66 at 2 (alleging retaliation); Doc. 68 at 1 (alleging that Dr. Kennedy, Nurse Practitioner Nicole McCrackin, and Nurse Josh, none of whom are named in the complaints, caused him to suffer cruel and unusual punishment in violation of the Eighth Amendment).  Mr. Marshall has also filed numerous letters to the Court and judicial notice pleadings, which have not been captioned as motions.

   Rule 15(a)(1) of the Federal Rules of Civil Procedure allows a party to amend a pleading once as a matter of course if amendment takes place within a certain time period.  Mr. Marshall has already availed himself of that right.  Once a party has amended the complaint as a matter of right under Fed. R. Civ. P. 15(a)(1), if that party seeks to amend the complaint again, the must seek leave of Court in order to do so under Fed. R. Civ. P. 15(a)(2).  Because Mr. Marshall's motions do not seek leave to amend the complaint under Rule 15(a)(2), they will be denied.

   Mr. Marshall is not permitted to amend his complaint on a continuing, or rolling, basis.  For example, if Mr. Marshall seeks to add or remove defendants, modify his current claims, add claims based on alleged violations of HIPPA or alleged retaliation, or seek injunctive relief, he must do so by filing a motion under Fed. R. Civ. P. 15(a)(2) and in compliance with Fed. R. Civ. P. 8.  Fed. R. Civ. P. 8(a) requires the party to make a

"short and plain statement of the claim showing that the pleader is entitled to relief." Pro se complaints, while construed liberally, are required to provide each defendant with fair notice of the basis for the claims against that defendant. See Brown v. Matauszak, 415 Fed. Appx. 608, 613 (6th Cir. 2011); Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint which merely names a person as a defendant without alleging how the named defendant was involved in any alleged constitutional violation will be subject to dismissal. See Gilmore Corrections Corp. of America, 92 Fed. Appx. 188, 190 (6th Cir. 2004)("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983."); Frazier v. Michigan, 41 Fed. Appx. 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); see also Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint ... is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given to pro se complaints"). In other words, if Mr. Marshall properly seeks leave to file an amended complaint, the proposed amended complaint should allege conduct which connects each defendant to his claims in order to satisfy the minimal pleading standards of Fed. R. Civ. P. 8. In addition, Mr. Marshall may only bring this lawsuit on his own behalf. It is well established that pro se prisoners cannot bring class action lawsuits concerning prison conditions. See Dodson v. Wilkinson, 304 Fed. Appx. 434, 438 (6th Cir. 2008).

Based upon the foregoing, the following motions are denied on the ground that they improperly seek to amend the second

4

supplemental complaint:  the motion for a more definite statement (Doc. 29); the motion to supplement (Doc. 37); the second motion to supplement (Doc. 40); the motion for injunctive relief (Doc. 42); the motion to clarify (Doc. 43); the second motion to clarify (Doc. 59); the motion for injunctive relief (Doc. 62); the motion for appropriate remedies with respect to prison conditions (Doc. 66); and the motion for judicial notice (Doc. 68).  Mr. Marshall is granted thirty days from the issuance of this Order to submit a proper motion for leave to file an amended complaint under Fed. R. Civ. P. 15(a), if he chooses to do so.  Any proposed amended complaint must be in compliance with the minimal pleading standards in Fed. R. Civ. P. 8 or is otherwise subject to dismissal.  The motions to dismiss (Doc. 36 and Doc. 45) shall remain pending, subject to consideration if Mr. Marshall chooses not to file a motion for leave to amend his complaint or if the motion for leave is denied.  Finally, Mr. Marshall's motion for status of proceedings or hearing for scheduling proceedings (Doc. 61) is denied as moot.

### Procedure on Objections

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/Terence P. Kemp
United States Magistrate Judge