```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Kenneth Marshall,                  :

        Plaintiff,         : Case No.  2:14-cv-338

   v.                              :

Ohio Department of Rehabilitation: JUDGE GREGORY L. FROST
& Corrections, et al.,             Magistrate Judge Kemp

        Defendants.        :

## ORDER

This case was initiated on April 11, 2014, when the Court received a complaint and motion for leave to proceed *in forma pauperis* from Kenneth Marshall, a state prisoner. In an order dated October 9, 2015, the Court explained that, following a number of filings by Mr. Marshall, the operative complaint in this case is the second supplemental complaint (Doc. 8, Ex. 1). The Court also denied a number of motions filed by Mr. Marshall on grounds that they improperly sought to amend the second supplemental complaint. Finally, the Court granted Mr. Marshall thirty days to submit a proper motion for leave to file an amended complaint under Fed.R.Civ.P. 15(a). The Court advised Mr. Marshall that any proposed amended complaint must comply with the minimal pleading standards in Fed.R.Civ.P. 8 or would be subject to dismissal.

Since the Court's order, Mr. Marshall has filed many additional documents for this Court's consideration. For purposes of this order, these documents include:

- a motion for a preliminary injunction and temporary restraining order (Doc. 74);

- a motion for extension of time (Doc. 76);

- duplicate copies of an amendment (Docs. 77 and 78);
- a motion for discovery or court order (Doc. 79);
- duplicate copies of a motion/petition for a court order (Docs. 81 and 87);
- a motion to supplement (Doc. 83);
- a motion/petition to amend as directed (Doc. 85); and
- a motion/petition (Doc. 86).

Defendants have not responded to any of these motions and the time for doing so has passed. Their motions to dismiss (Docs. 36 and 45) are pending, subject to consideration only in the event Mr. Marshall's current motion for leave to amend is denied.

Documents 77, 78, and 85, taken together, appear to be Mr. Marshall's motion for leave to file an amended complaint in compliance with the Court's previous order. Although they were received and docketed by the Court on different days, and the actual motion was filed out of sequence and more than 30 days after the Court's order, the certificates of service included with each filing indicate Mr. Marshall's intention to serve them on October 21, 2015. Consequently, the Court will consider the motion to amend as having been timely filed as directed and will turn to these filings first.

The Court explained to Mr. Marshall in its previous order that his proposed amended complaint must meet the minimal pleading standards of Fed.R.Civ.P. 8 or it is subject to dismissal. As the Court stated:

> ... Fed. R. Civ. P. 8(a) requires the party to make a "short and plain statement of the claim showing that the pleader is entitled to relief." Pro se complaints, while construed liberally, are required to provide each defendant with fair notice of the basis for the claims against that defendant. See Brown v. Matauszak, 415 Fed. Appx. 608, 613 (6th Cir. 2011); Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint which merely names a person as a

> defendant without alleging how the named defendant was involved in any alleged constitutional violation will be subject to dismissal. See Gilmore Corrections Corp. of America, 92 Fed. Appx. 188, 190 (6th Cir. 2004)("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983."); Frazier v. Michigan, 41 Fed. Appx. 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); see also Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint ... is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given to pro se complaints"). In other words, if Mr. Marshall properly seeks leave to file an amended complaint, the proposed amended complaint should allege conduct which connects each defendant to his claims in order to satisfy the minimal pleading standards of Fed. R. Civ. P. 8.

See Order, Doc. 73 pp. 3-4.

According to the caption of the motion (Doc. 85), Mr. Marshall intends to name as defendants "Medical Records Personnel [former], Elice Payetner, Mrs. Jackie, Ohio Governor John Kasich, ODRC, Mr. Gary Mohr, et al.,."  Ms. Payetner and Mrs. Jackie were not named as defendants in the second supplemental complaint (Doc. 8-1).  The proposed amended complaint includes five separate claims including: a claim for the denial of medical records resulting in the denial of medical care; a claim regarding an ODRC policy, custom or practice of denying inmates narcotic medications for pain relief; a claim for the denial of medical care for a spinal cord injury; a claim relating to the denial of mental health medications; and an access to the courts claim.  Some of these claims either are not included in the second supplemental complaint or are not stated in the same way in that filing.  The proposed amended complaint does not include

the overcrowding claim contained in the second supplemental complaint.

The body of the complaint also indicates Mr. Marshall's intention to name as defendants "HCA, Mrs. Missy Rousch," (see Sections I.A. and III.); Heather Hagan (see Section I.A.), Dr. Hale (id.), Libby Dillinger (see Section I.A.1.D.), Dr. Eddy (see Sections II.A.1.c., III.), Mr. John Gardner (id.), the Collegial Review Board (see Section III.), John Does (see Section V. A. and B.), Cashier, Mrs. Deborah Stewart (see Section V.C.), and Pat Brown (id.).  Among these defendants, only Dr. Eddy was named as a defendant in the second supplemental complaint.  Further, three defendants named in the second supplemental complaint do not appear to be named in the proposed amended complaint - Brian Cook, Ms. Lawrence, and Mona Parks.  The Court will construe this omission as Mr. Marshall's intention to dismiss them as defendants.

Taking all of the above into account, the Court finds that Mr. Marshall has complied with its previous order in filing his amended complaint.  Consequently, the Court will grant the motion for leave to amend (Doc. 85).  This brings the Court to the issue raised by one of Mr. Marshall's other filings.  After filing his amended complaint (but prior to filing the motion for leave), Mr. Marshall filed a motion/petition to supplement. (Doc. 83).  In this filing, he states that he inadvertently omitted a claim from his amended complaint.  This claim, according to Mr. Marshall, relates to the intentional withholding of his "psychotrophic medication" by certain mental health personnel.  He identifies those allegedly responsible as "Mental-Health Director; Dr. Kennedy ?, Nurse Practioner; Mrs./Ms. Nicole McKraken ?; Nurse, Josh, and Mrs./Ms. Kite/Kike?, of the mental-health department ...."  The Court notes that Section IV of the amended complaint appears to relate to the denial of mental health medication but

4

that this particular section does not identify the persons allegedly responsible.  Consequently, the Court will allow this additional amendment and therefore will consider the operative complaint in this case to be comprised of Docs. 78 and 83.

    Turning to Mr. Marshall's remaining motions, his motion for a preliminary injunction/temporary restraining order (Doc. 74) suggests that he seeks an order directing that he receive adequate pain medication, that the cashier's office be enjoined from failing to make filing fee payments, and that defendants be directed to provide him with medical care in the form of an MRI or CT-Scan.  Further, in his identical motions/petitions for a court order (Docs. 81 and 87), Mr. Marshall requests an order compelling the defendants to provide him with an "'Independent Examination'" by an "'advanced level provider.'"  According to the Court's docket, however, Mr. Marshall was released from prison some time before December 28, 2015.  See Notice of Change of Address (Doc. 89).  A prisoner's claims for injunctive relief are moot once he is no longer incarcerated.  See Dellis v. Corr. Corp. of America, 257 F.3d 508, 510 n.1 (6th Cir. 2001) (noting claims for injunctive relief are moot when plaintiff no longer incarcerated where wrongful events occurred); see also Wilson v. Yaklich, 148 F.3d 596, 601 (6th Cir. 1998); Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996).  In light of this, Mr. Marshall's motions seeking some form of injunctive relief (Docs. 74, 81, and 87) will be denied as moot.

    Mr. Marshall also has filed a motion for relief from judgment or order (Doc. 76) in which he seeks an extension of time and requests that the Court provide him "with copies of the motions that he submitted in regards to the Medical-Records Personnel, and the Amendments, this court refers to, in its order, Dated: (10/09/2015)."  Because Mr. Marshall filed his amended complaint as directed, this motion will be denied as

moot.

The Court does not construe Mr. Marshall's motion/petition (Doc. 86) as seeking any relief independent of the amended complaint. Rather, it essentially reiterates that Mr. Marshall would like some type of relief for the defendants' deliberate indifference to the pain he suffers as a result of his spinal cord injury. Because the issue raised in this motion is contained in the amended complaint which Mr. Marshall has been granted leave to file, this motion (Doc. 86) will be denied as moot.

Mr. Marshall's motion for a court order or discovery directing defendants to provide names of various decision makers (Doc. 79) will be denied. This motion, in essence a motion to compel, is not accompanied by any indication that Mr. Marshall has served proper discovery requests seeking this information. Mr. Marshall's pro se status does not allow him to ignore the procedural rules for discovery. See McNeil v. United States, 508 U.S. 106, 113 (1993) (pro se litigants are not exempt from procedural rules).

Finally, the Court notes that, in the conclusion of his amended complaint, Mr. Marshall includes a request for additional summons and U.S. Marshal forms. In his motion/petition to supplement (Doc. 83) he notes that he previously requested ten copies of each. Mr. Marshall's various filings make it less than clear, however, about whether ten copies are sufficient to allow for service on all newly-named defendants set forth in both Documents 78 and 83. In the interests of efficiency, the Court will direct the Clerk to provide Mr. Marshall with seven additional copies of each form.

Additionally, the Court notes that in the conclusion of his amended complaint Mr. Marshall states "could this handwritten copy be served upon the defendants counsel by CM/ECF, and due to

his poverty, please."  To the extent that Mr. Marshall is requesting that service of the amended complaint be made by CM/ECF or suggesting that he be excused from providing service copies of his amended complaint (Docs. 78 and 83), any such request will be denied.  The authorization to proceed in forma pauperis does not excuse Mr. Marshall from providing service copies of the complaint by granting him a right to free photocopies at the Court's expense.  See Hollum v. Kent, 262 F.2d 862, 863 (6th Cir. 1959); Hurst v. Warden, 2010 WL 1687675 (S.D. Ohio April 22, 2010) (citing cases).  Further, as previously noted, Mr. Marshall is no longer confined to prison, further undermining his suggestion that the Court be responsible for bearing the cost of service copies of his amended complaint. Mr. Marshall must provide service copies of his amended complaint (Docs. 78 and 83) if he wants the Marshal to serve it on the newly-named defendants and he is specifically advised that his failure to do so may result in any claims against unserved defendants eventually being dismissed under Fed.R.Civ.P. 4(m).

    For the reasons stated above, the motion to amend (Doc. 85) and the motion to supplement (Doc. 83) are granted.  Any claims against Brian Cook, Ms. Lawrence, and Mona Parks are dismissed. The following motions are denied: motion for preliminary injunction and restraining order (Doc. 74); motion for an extension of time (Doc. 76); motion for discovery or court order (Doc. 79); motion/petition for court order (Docs. 81 and 87); and motion/petition (Doc. 86).  The operative complaint in this case is comprised of Docs. 78 and 83.  The Clerk shall provide seven additional summons and U.S. Marshal forms to Mr. Marshall.  The United States Marshal shall serve by certified mail a copy of the amended complaint (Docs. 78 and 83), summons, and a copy of this order upon the newly-named defendants at the addresses provided by Mr. Marshall.  Mr. Marshall shall provide service copies of

the complaint for each newly-named defendant. His failure to do so may eventually result in the dismissal of any claims against those defendants under Fed.R.Civ.P. 4(m).

### Procedure on Objections

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/Terence P. Kemp
United States Magistrate Judge