IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kenneth Marshall,                          :

                 Plaintiff,        : Case No.  2:14-cv-338

      v.                                   :

Ohio Department of Rehabilitation: JUDGE GREGORY L. FROST
& Corrections, et al.,             Magistrate Judge Kemp

                Defendants.        :


REPORT AND RECOMMENDATION AND ORDER

    This matter is before the Court on defendant Governor John
R. Kasich's motion to dismiss the amended complaint.  Also before
the Court are a number of filings made by plaintiff Kenneth
Marshall.  For the following reasons, the Court will recommend
that the motion to dismiss be granted.  Further, the Court will
resolve Mr. Marshall's various motions as set forth below.

                             I.

    Mr. Marshall is a former state prisoner who has brought this
action pursuant to 42 U.S.C. §1983.  The background and
procedural history of this case has been explained in previous
orders of this Court and will not be repeated here.  Following
the Court's latest order, the operative complaint in this case is
comprised of Docs. 78 and 83.  These documents appear to be Mr.
Marshall's attempt to raise a claim relating to the denial of
medical care, including mental health treatment and treatment for
pain and a spinal cord injury, in violation of the Eighth
Amendment, and a claim for the denial of access to the courts in
violation of the First Amendment.

    Governor Kasich has moved to dismiss, contending that none
of the factual allegations of the amended complaint relate to his

involvement in any violation of Mr. Marshall's constitutional
rights.  At most, Governor Kasich notes, the amended complaint
makes one brief mention of him, and this is only with respect to
Mr. Marshall's having written to him regarding access to the
courts.

Mr. Marshall has made many filings since Governor Kasich
filed his motion to dismiss but none of the filings appear to be
a response to the motion.

                              II.

Fed.R.Civ.P. 12(b)(6) provides that the Court may, upon
motion, dismiss a claim for relief asserted in any pleading for
failure to state a claim upon which relief can be granted.
Fed.R.Civ.P. 8(a) requires the party pleading a claim for relief
to make a "short and plain statement of the claim showing that
the pleader is entitled to relief."  When evaluating such a claim
in the context of a Rule 12(b)(6) motion, the Court must
ordinarily accept as true all of the well-pleaded factual
allegations of the complaint.  However, Rule 8(a) has been
interpreted to require that the pleader allege "more than labels
and conclusions, and a formulaic recitation of the elements of a
cause of action will not do ...."  Bell Atlantic v. Twombley, 550
U.S. 544, 555 (2007).  Moreover, the factual allegations
themselves "must be enough to raise a right to relief above the
speculative level ...."  Id.

Twombley established a test of "facial plausibility,"
replacing the prior standard, announced in Conley v. Gibson, 355
U.S. 41 (1957), under which a complaint was able to withstand a
motion to dismiss if there were any possibility that the pleader
could prove a viable claim for relief.  Expanding upon Twombley's
"facial plausibility" test, the Supreme Court, in Ashcroft v.
Iqbal, 129 S.Ct. 1937, 1949 (2009), held that "[a] claim has
facial plausibility when the plaintiff pleads factual content

                              -2-

that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." _Iqbal_ reiterated the principle that legal conclusions, couched as factual allegations, need not be accepted as true, and that the mere recital "of the elements of a cause of action, supported by mere conclusory statements," cannot save a claim from dismissal under Rule 12(b)(6). _Id_. at 1950. Further, _Iqbal_ allows the reviewing court "to draw on its judicial experience and common sense" when deciding if it is plausible that the pleader can, based on the facts alleged, obtain any relief. _Id_. It is still true, however, that _pro se_ complaints are construed liberally in favor of the pleader, even though they, too, must satisfy the "facial plausibility" standard articulated in _Twombley_. _See Haines v. Kerner_, 404 U.S. 519 (1972); _Stanley v. Vining_, 602 F.3d 767, 771 (6th Cir. 2010); _see also Erickson v. Pardus_, 551 U.S. 89 (2007). It is with these standards in mind that the instant motion will be decided.

III.

The Court's review of the complaint reveals that Governor Kasich is correct in the assertion that the factual allegations of the complaint do not address his involvement in any alleged violation of Mr. Marshall's constitutional rights. Rather, as Governor Kasich notes, the only reference to him in the complaint is a brief mention that Mr. Marshall wrote to "Governor, Mr. Johh Kasich of the denial of meaningful access to the courts with resulting prejudice starting in 2013 Oct." _See_ Doc. 78, pp. 6-7.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pro se complaints, while construed liberally, are required to provide defendants with fair notice of the basis for the claims. _See Brown v. Matauszak_, 415 Fed. Appx.

-3-

608, 613 (6th Cir.2011); <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint merely naming a person as a defendant without alleging how the named defendant was involved in any constitutional violation is subject to dismissal. <u>See Gilmore v. Corrections Corp. of America</u>, 92 Fed. Appx. 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983."); <u>Frazier v. Michigan</u>, 41 Fed. Appx. 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); <u>see</u> <u>also</u> <u>Potter v. Clark</u>, 497 F.2d 1206, 1207 (7th Cir.1974) ("Where a complaint ... is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given to pro se complaints"). Because Mr. Marshall has not alleged any specific conduct involving Governor Kasich, the complaint does not meet the minimal pleading standards of Fed.R.Civ.P. 8.

Further, to the extent that Mr. Marshall might believe that Governor Kasich would have some type of liability based solely on his role as governor, that is not the case. Allegations of direct involvement in constitutional deprivations, rather than attempts to impose liability by virtue of the doctrine of respondeat superior, are necessary in order to hold an individual defendant liable under §1983. <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). Although there are other legal claims that can be properly asserted against a supervisor simply because someone under his or her supervision may have committed a legal wrong, liability for constitutional deprivations under 42 U.S.C. 1983 cannot rest on such a claim. Consequently, unless

-4-

the plaintiff's complaint affirmatively pleads the personal involvement of a defendant in the allegedly unconstitutional action about which the plaintiff is complaining, the complaint fails to state a claim against that defendant and dismissal is warranted.  See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Further, to the extent that Mr. Marshall's complaint can be read as suggesting that Governor Kasich did nothing in response to Mr. Marshall's letter, supervisory liability under §1983 cannot attach based upon the mere failure to respond.  See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Stewart v. Taft, 235 F.Supp.2d 763, 767 (N.D. Ohio 2002).

Finally, while the amended complaint is not clear, certainly to the extent that Mr. Marshall may be attempting to assert any claims against Governor Kasich in his official capacity, any such claims would be treated as claims against the State of Ohio, and would be barred by the Eleventh Amendment.  Edelman v. Jordan, 415 U.S. 651 (1974); Thiokol Corp. v. Mich. Dep't of Treasury, 987 F.2d 376, 381 (6th Cir. 1993).

For all of these reasons, the Court will recommend dismissal of any claims Mr. Marshall has attempted to assert against Governor Kasich.

IV.

Mr. Marshall has made the following filings to which defendants have not responded:

- a motion/petition for the Court to exercise equitable or relief in equity (Doc. 91);

- a motion for leave of Court (Doc. 98);

- a notice to defendants re: Federal Rules of Civil Procedure, Rule 26-34 (Doc. 99);

- a motion for the Court to order defendants to produce medical records (Doc. 105);

- a motion to compel (Doc. 106);

-5-

- a motion to compel defendants to produce plaintiff's medical records (Doc. 112).

All of these filings can be fairly characterized as discovery motions and most of them relate to Mr. Marshall's request for copies of his medical records (Docs. 91, 105, 106, 112).  The two remaining documents (Docs. 98 and 99) request that the defendants provide the names of the members of the collegial review committee.  Document 98 also requests leave to take the defendants' depositions.

Turning first to Mr. Marshall's request for leave to depose the defendants, under Fed.R.Civ.P. 30(a), "[a] party may ... depose any person, including a party, without leave of court...." Fed.R.Civ.P. 30(a)(2) sets forth specific exceptions to this general rule, but Mr. Marshall has not explained how any of those exceptions apply here.  Consequently, leave of court is not required in order for Mr. Marshall to depose the defendants and his motion will be denied to this extent.

With respect to Mr. Marshall's various motions seeking to compel the production of either his medical records or a list of collegial review board members, the requirements for a motion seeking a Court order compelling discovery are set forth in Rule 37(a) of the Federal Rules of Civil Procedure.  Under Rule 37(a)(1), "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Mr. Marshall has not certified that he has, "in good faith," made an effort to "confer[] or attempt[] to confer" with defendants regarding these requests.

Further, a party can move to compel discovery under Rule 37(a)(3)(B) if:

-6-

> (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B). This first requires a party to serve a valid discovery request, notice of deposition, or subpoena as contemplated by the rules. For example, a party might, under Rule 34(a)(1)(A), make a request of the opposing party to "produce . . . designated documents or electronically stored information. . . ." Or information could be sought in accordance with Rule 30 (depositions by oral examination), Rule 31 (depositions by written question), Rule 33 (interrogatories to parties), or other portions of Rule 34 (producing documents, electronically stored information, and tangible things, or entering onto land, for inspection and other purposes). It does not appear that Mr. Marshall has made a proper discovery request pursuant to any of those rules seeking the discovery at issue in his motions. Furthermore, even if Mr. Marshall had made a proper discovery request as described in the rules, he could file a motion to compel only if defendants refused the request, or if the Court determined that the defendants' disclosures or responses were "evasive or incomplete." Fed. R. Civ. P. 37(a)(4). Finally, as stated previously, any motion to compel would have to comply with the requirements of Rule 37(a)(1).

    For these reasons, Mr. Marshall's motions to compel are denied.

                                  V.

    For the reasons stated above, it is recommended that the motion to dismiss (Doc. 94) be granted. Further, Mr. Marshall's discovery motions (Docs. 91, 98, 105, 106 and 112) are denied.

<u>PROCEDURE ON OBJECTIONS TO THE REPORT AND RECOMMENDATION</u>

-7-

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

## MOTION FOR RECONSIDERATION OF ORDER

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion forreconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for

-8-

reconsideration has been filed unless it is stayed by either the
Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge