UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kenneth Marshall,

    Plaintiff,

v.                                                                 Case No. 2:14-cv-338

Ohio Department of Rehabilitation              Judge Michael H. Watson
& Corrections, *et al.*,                                  Magistrate Judge Kemp

    Defendants.

## OPINION AND ORDER

On April 10, 2017, Magistrate Judge Kemp, to whom this case was referred, issued a Report and Recommendation ("R&R") recommending that the Court grant in part and deny in part Defendants' motion for judgment on the pleadings and grant Defendants' motion for summary judgment in this prisoner civil rights case. R&R, ECF No. 148. Plaintiff timely objected. Obj., ECF No. 149.

### I. STANDARD OF REVIEW

Magistrate Judge Kemp issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## II. ANALYSIS

There are nineteen Defendants remaining in this case, some of whom are entities and some of which are individuals. The R&R recommends dismissing any claims against the Ohio Department of Rehabilitation and Corrections ("ODRC") and any prison official sued in his or her official capacity, concluding that any claim for money damages against such Defendants is barred by the Eleventh Amendment, and any claim for injunctive relief against the individual Defendants in their official capacities is moot because Plaintiff has been released from prison since the filing of this case. R&R 4–6, ECF No. 148.

The R&R recommends dismissing Plaintiff's denial of access to the courts claims against the Defendants in their individual capacities for failure to state a claim. *Id.* at 6.

The R&R recommends dismissing Plaintiff's Eighth Amendment claim for denial of medical care as to Defendant Lizabeth Dilley[1] in her individual capacity for failure to state a claim and recommends dismissing Plaintiff's Eighth Amendment claims against the remaining defendants in their individual capacities on summary judgment for failure to exhaust administrative remedies. *Id.* at 11–19.

Finally, the R&R recommends dismissing all of Plaintiff's claims against certain unserved Defendants pursuant to Federal Rule of Civil Procedure 4(m). *Id.* at 20.

---

[1] Lizabeth Dilley appears to be named as Libby Dillinger in Plaintiff's Complaint.

The R&R specifically advised the parties that they had a right to file "written objections to those specific proposed findings or recommendations to which objection is made." R&R 20, ECF No. 148. The R&R further advised that a failure to object to the R&R would result in a waiver of the right to have the Undersigned review the R&R *de novo* and a waiver of the right to appeal the decision of the Undersigned adopting the R&R. *Id.* at 21.

## A. No Objection

Plaintiff's objections focus only on whether he exhausted his administrative remedies and argue that he should be appointed counsel to assist with discovery. Obj. 1–2, ECF No. 149. Accordingly, the Court adopts, without conducting a *de novo* review, the recommendations that the Court dismiss without prejudice any claims against the ODRC or any prison official sued in his or her official capacity for lack of jurisdiction as barred by the Eleventh Amendment; the recommendation that the Court dismiss without prejudice Plaintiff's denial of access to the courts claims against all Defendants in their individual capacities for failure to state a claim; the recommendation that the Court dismiss without prejudice Plaintiff's Eighth Amendment claim for denial of medical care as to Defendant Lizabeth Dilley in her individual capacity for failure to state a claim; and the recommendation that the Court dismiss without prejudice all of Plaintiff's claims against Defendants "Medical Records Personnel, Mrs. Jackie, the Collegial Review Board, Mental Health Director, and Nurse Josh," R&R at 20, ECF No. 148, for failure to serve.

## B. Eighth Amendment Claims Against Remaining Defendants in their Individual Capacities

The Court has conducted a *de novo* review of the R&R's recommendation that the Court dismiss Plaintiff's individual-capacity Eighth Amendment claims against Defendants Health Information Technician Elice Payter, Medical Operations Manager/Health Care Administrator Mary Roush, Nurse Supervisor Heather Hagan, Chief Medical Officer Dr. Arthur Hale, ODRC State Medical Director Dr. Andrew Eddy, Regional Certified Nurse Practitioner John Gardner, ODRC Director Gary Mohr, Psychiatric Supervisor Dr. Wayne Kennedy, Certified Nurse Practitioner Nicole McCrackin, and Psychiatric Assistant Ashley Kight[2] ("remaining Defendants").

A brief summary of Plaintiff's claims is helpful. In Count I, Plaintiff contends that Elice Payter, Mary Roush, Heather Hagan, and Dr. Hale withheld certain medical records from him. ECF No. 78, PAGEID # 359. In Count II, Plaintiff contends that Director Mohr, Dr. Eddy, and Mr. Gardner implemented a policy, custom, or practice of denying inmates narcotic medications. *Id.* at PAGEID # 361. In Count III, Plaintiff claims that Dr. Eddy, Mary Roush, and Mr. Gardner have denied him an MRI and a CAT scan. *Id.* at PAGEID # 362. He further alleges in that count that "Defendants" (without specifying which Defendants) denied him treatment at a spinal cord center. *Id.* at PAGEID # 363. In Count IV, Plaintiff claims that he was denied Wellbutin and panic medication,

---

[2] The spelling of names and titles are taken from Defendants' combined motion for judgment on the pleadings and motion for summary judgment, ECF No. 145.

but he does not specify which Defendant(s) allegedly denied him the medication. *Id.* Additionally, Plaintiff alleges that Dr. Kennedy, Nicole McCrackin, and Ashley Kight denied him "psychtrophic [sic] medication." ECF No. 83.

The R&R recommends granting summary judgment to remaining Defendants on Plaintiff's Eighth Amendment claims and dismissing those claims due to Plaintiff's failure to exhaust administrative remedies. R&R 19, ECF No. 148. Plaintiff argues on objection that he exhausted all of the administrative remedies that were available to him and that any failure to exhaust was due to Defendant's attempts to hinder Plaintiff's exhaustion efforts. Obj. 1, ECF No. 149. For the reasons addressed in the R&R, R&R 11–20, ECF No. 148, the Court finds that Plaintiff failed to exhaust his administrative remedies with respect to his individual-capacity Eighth Amendment claims against remaining Defendants.

Specifically, Defendants have offered evidence that Plaintiff completed all three steps of the inmate grievance procedure in only seven instances during the entire time he was incarcerated. Hunyadi Aff. ¶ 10, ECF No. 145-9. Those grievances do not save his remaining Eighth Amendment claims.

Four of the instances in which Plaintiff completed the grievance procedure have no relation to his Eighth Amendment claims. *See* Exs. 2, 3, 5, & 8, ECF Nos. 145-2, 145-2, 145-5, 125-8. While Exhibits 4, 6, and 7 appear to address issues similar to those of which Plaintiff complains in this case, *see* Exs. 4, 6, &

7, ECF Nos. 145-4,145-6, 145-7, they do not save his claims for the following reasons.

In Exhibit 4, Plaintiff grieves the fact that he had not yet been treated for a serious neck injury. Ex. 4, ECF No. 145-4 at PAGEID # 1285. Exhibit 4 identifies only "Nurse Mindy" as the responsible party for denying Plaintiff the necessary treatment. *Id.*

This grievance could be viewed as related to Plaintiff's Count III, in which he claims in part that "Defendants" denied him treatment at a spinal cord center, but it is not relevant to any of Plaintiff's other claims. However, as noted above, Count III names directly Dr. Eddy, Mary Roush, and Mr. Gardner, ECF No. 78, PAGEID # 362, and refers generally to "Defendants." *id.* at PAGEID # 363. Because Plaintiff's grievance identifies only "Nurse Mindy" as the responsible party for denying Plaintiff the necessary treatment for his spinal cord injury, and Plaintiff does not name Nurse Mindy as a defendant in this case, Exhibit 4 does not show that Plaintiff exhausted his administrative remedies as to Count III with respect to any of the remaining Defendants. *See Jones v. Bock*, 549 U.S. 199, 218 (2007) (finding that while the PLRA does not require an inmate to name a particular responsible party in a grievance, proper exhaustion requires compliance with the procedural rules of the applicable grievance policy) (citing *Woodford*, 548 U.S. at 88); Ohio Admin. Code § 5120-9-31(K) ("Informal complaints and grievances must contain . . . the name or names of personnel involved . . . . If an inmate does not know the identity of the personnel involved, a

'John/Jane Doe' complaint may be filed. However, the complaint shall be specific as to . . . physical descriptions of any unidentified personnel.").

Exhibit 6 is a grievance that is arguably relevant to Counts I and III of Plaintiff's Complaint in that the ICR complains of both a withholding of medical documents and the need for imaging of Plaintiff's spinal cord. ECF No. 145-6, PAGEID # 1299. Plaintiff failed to properly exhaust his administrative remedies with respect to this grievance, however.

First, Plaintiff's appeal to the Chief Inspector was untimely. Ex. 6, ECF No. 145-6 (stating that the appeal "was filed untimely per AR-5120-9-31"); Ohio Admin. Code § 5120-9-31(K)(3). As the appeal was untimely, Plaintiff failed to properly exhaust his administrative remedies with respect to the issue raised in that grievance. See Woodford v. Ngo, 548 U.S. 81, 91 (2006) ("proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). This is true even though the appeal was alternatively considered on the merits. Vandiver v. Corr. Med. Servs., Inc., 326 F. App'x 885, 889 (6th Cir. 2009) ("Where the grievance is denied alternatively on the merits and for failure to comply with critical grievance procedures, a later action will be subject to dismissal for failure to properly exhaust under Woodford.") (citation omitted). Second, like Exhibit 4, Exhibit 6 fails to allege any particular actions taken by a remaining Defendant in this case. See Ex. 6, ECF No. 145-6. Third, Plaintiff's appeal to the Chief

Inspector abandoned his complaint about the need for imaging and treatment for his spinal cord and focused only on his access to medical records, Ex. 6, ECF No. 145-6, PAGEID # 1306, so in no event would it save Count III.

Exhibit 7 includes an ICR in which Plaintiff complains, *inter alia*, that he had not received certain pain medication and that he was denied mental health medications. Ex. 7, ECF No. 145-7, PAGEID # 1311. In his appeal to the Institutional Inspector, Plaintiff abandons his complaint regarding mental health medication and complains only that he was denied narcotic medication. *Id.* at PAGEID # 1314.

Exhibit 7 does not demonstrate exhaustion of administrative remedies. First, it was untimely. Ex. 7, ECF No. 145-7, PAGEID # 1317 ("[Y]ou filed your appeal untimely also."). Even if the Court excused the timeliness issue due to Plaintiff's allegations of impediments to his efforts at timely filing grievances, *see, e.g.*, PAGEID # 1351, the grievance failed to identify any particular person responsible for either instituting the policy, custom, or practice of which Defendant complains or for denying him his mental health medication. It certainly does not reference any remaining Defendants. Further, Plaintiff failed to follow through with all three steps of the grievance procedure as it relates the alleged denial of his mental health medication.

In sum, there is evidence that Plaintiff followed all three steps of the grievance procedure in only seven instances, and none of those instances save

any of Plaintiff's individual-capacity Eighth Amendment claims against any remaining Defendant.

In response to this evidence, Plaintiff fails to offer contrary specific evidence that he properly exhausted his administrative remedies for his Eighth Amendment claims. Rather, he merely argues in his brief that he exhausted his administrative remedies and cites to "approximately" pages 11–496 of ECF Nos. 126 & 140, with no reference to specific documents or pages. Thus, Plaintiff fails to meet his burden of supporting his assertion of a genuine dispute of material fact with citation to particular parts of materials in the record. *See* Fed. R. Civ. P. 56(c)(1)(A). "'[J]udges are not like pigs, hunting for truffles' that might be buried in the record." *Emerson v. Novartis Pharms. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Alternatively, Plaintiff contends that if he did not properly exhaust his administrative remedies, it is because his efforts at doing so were stymied by Defendants. Obj., ECF No. 149. Plaintiff offers no evidence in support of his assertion and does not develop an argument to this end. Accordingly, the Court will not consider this perfunctory argument.

In conclusion, Plaintiff fails to raise a genuine dispute of material fact as to whether he properly exhausted his administrative remedies against the remaining Defendants for his Eighth Amendment claims. The Court **AFFIRMS AND ADOPTS** the R&R's recommendation as to dismissal of those claims as well.

### C. Motion for Appointment of Counsel

To the extent Plaintiff's objection can be read as a request for appointment of counsel, that request is **DENIED**. First, it is not a timely objection to Magistrate Judge Kemp's Opinion and Order denying counsel, ECF No. 144, and the Court therefore denies it on that basis. Second, even if the Court were to review the objection, it is meritless. There is "no constitutional right to appointed counsel in a civil case." *See Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995) (citation omitted). Indeed, the most a Court can do is assist a civil litigant in obtaining *pro bono* counsel. *Herrerra v. Mich. Dep't of Corr.*, 2011 WL 3862640, at *6 (E.D. Mich. July 22, 2011) (citation omitted), *R&R adopted at* 2011 WL 3862390 (E.D. Mich. Sept. 1, 2011); 28 U.S.C. § 1915(e)(1). A court should consider whether a plaintiff's claims have merit and the ability of the plaintiff to represent himself when determining whether to request *pro bono* counsel for a civil litigant. *See Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005) (citation omitted); *Martin v. Harvey*, 14 F. App'x 307, 310 (6th Cir. 2001). As this case has not yet progressed to the point that the Court is able to evaluate the merits of Plaintiff's claims, the Court would deny Plaintiff's request for appointment of counsel if it were not denied as untimely.

### III. CONCLUSION

For the reasons addressed above, the Court **ADOPTS AND AFFIRMS** the R&R, ECF No. 148, and **DISMISSES** all claims **without prejudice** for the

reasons addressed in the R&R. The Clerk shall terminate ECF Nos. 145 & 148 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**